# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 28 | **DATE** | 4/14/2000 |
| **CASE TITLE** | Dexter Axle Company vs. Omiotek Coil Spring Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Seneca Wire & Mfg. Co.'s motion to dismiss plaintiff's claims against Seneca [6-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 17 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEXTER AXLE COMPANY,            )
                                )
            Plaintiff,           )   No. 00 C 28
                                )
      v.                        )   Judge Ruben Castillo
                                )
OMIOTEK COIL SPRING COMPANY     )
and SENECA WIRE & MANUFACTURING )
COMPANY,                        )
                                )
            Defendants.          )

## MEMORANDUM ORDER

Presently pending before the Court is Seneca Wire & Manufacturing Company's motion to dismiss. (R. 6-1.) We deny the motion because we conclude that Dexter Axle Company has adequately stated its negligence and strict liability claims against Seneca.

Seneca seeks dismissal of the tort claims Dexter alleges, arguing that they are excluded by the *Moorman* doctrine, which bars tort recovery for plaintiffs who incur solely economic losses. *Moorman Mfg. Co. v. National Tank Co.*, 435 N.E.2d 443, 453 (Ill. 1982). *Moorman*, however, acknowledges a property damage exception where "a sudden and calamitous event [is] coupled with . . . other property damage." *Trans States Airlines v. Pratt & Whitney Canada, Inc.*, 682 N.E.2d 45, 55 (Ill. 1997). Dexter argues that the damages it suffered, which were "sudden, dangerous, and calamitous,"[1] constituted damage to "other property" because the damage was not confined solely to the defective adjuster wire spring, but included harm to other components in the running gear assembly and brake assembly.

---

[1] We will not make a factual determination of whether the damage was, indeed, sudden and calamitous, in adjudicating this motion to dismiss.

Seneca counters that Dexter did not suffer any damage to "other property" because Dexter's customers actually owned the damaged property, and the customers, not Dexter, suffered the alleged sudden and calamitous occurrences. Contrary to Seneca's argument, however, Dexter pleads, in its complaint, that the damage occurred to its own property; we accept this assertion as true for purposes of this motion to dismiss. (*See* R. 1, Compl. at ¶ 97, ¶ 111.)

Seneca also argues that the alleged damage occurred to integrated mechanisms which could not qualify as "other property," separate from the defective adjuster wire springs. We disagree. Under *Trans States'* "product bargained-for analysis," we conclude that the product negotiated for in this case was merely the adjuster wire spring, not the entire running gear assembly or brake assembly, which Dexter claims was damaged. As such, the adjuster wire spring was a product separate from the "other property" that was damaged.

Seneca further argues, without citing any caselaw, that because it did not bargain directly with Dexter and was denied the opportunity to negotiate for a fair allocation of risk, it cannot be held liable in tort. Seneca relies on policy arguments alone and does not cite any authority for the proposition. This argument also fails. In *Trans States*, the defendant-engine manufacturer sold an engine to an aircraft manufacturer who, in turn, incorporated the engine into one of its airplanes and sold it to a third party. After passing through a number of hands, the airplane was ultimately leased to the plaintiff. When the airplane's engine subsequently failed, both the engine and the body of the airplane were damaged. The *Trans States* court resolved the question of whether there could be tort recovery under the facts in that case by utilizing the "product bargained-for" approach, without pausing to consider that the plaintiff and defendant in that case never engaged in negotiations with one another. After a detailed analysis, that court concluded that the plaintiff

2

had bargained for one product, the entire airplane, and not for an engine separate from the plane. Clearly, if, for tort recovery, a plaintiff is required to have bargained directly with the defendant for the alleged defective product, engaging in the "product bargained-for" approach would have been nonsensical, considering that the parties in *Trans States* did not bargain with each other for anything. Thus, we conclude that Dexter has adequately stated its negligence and strict liability claims against Seneca, and we deny Seneca's motion to dismiss. (R. 6-1)

Entered:

Judge Rubén Castillo
**United States District Court**

**April 14, 2000**